# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 22-10693
Summary Calendar

―――――――――

United States of Appeals
Fifth Circuit

**FILED**

April 18, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TERRANCE LUKE,

*Defendant—Appellant*.

―――――――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-638-1

―――――――――――――――――――――――――

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Terrance Luke pleaded guilty to one count of Sex Trafficking by Force, Fraud, or Coercion under 18 U.S.C. § 1591. The district court denied Luke's motion for withdrawal of his guilty plea. For the following reasons, we AFFIRM.

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-10693

This court normally reviews "a district court's denial of a motion to withdraw a guilty plea for abuse of discretion." *United States v. Strother*, 977 F.3d 438, 443 (5th Cir. 2020). Luke, however, "failed to object to the report and recommendation on this basis, so we review for plain error." *United States v. Estrada*, 683 F. App'x 308, 312 (5th Cir. 2017) (citing *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008)). To reverse for plain error: (1) "there must be an error or defect—some sort of deviation from a legal rule—that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant"; (2) "the legal error must be clear or obvious, rather than subject to reasonable dispute"; (3) "the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings"; (4) if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotations, citations, and brackets omitted).

"A defendant may withdraw a guilty plea after the district court accepts the plea, but before it imposes a sentence, by showing a 'fair and just reason' for seeking withdrawal." *Strother*, 977 F.3d at 443 (quoting Fed. R. Crim. P. 11(d)(2)(B)). The defendant has the burden of proof. *Strother*, 977 F.3d at 443. In deciding the matter, "the court must ultimately examine the totality of the circumstances." *Id.* There are seven factors the court must consider:

> (1) whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice if the withdrawal motion were granted; (3) whether the defendant delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the original plea was knowing

No. 22-10693

and voluntary; and (7) whether withdrawal would waste judicial resources."

*Id.* (citing *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984)).

Luke has failed to carry his burden of showing that the district court clearly erred in applying and assessing any of these factors. Luke thrice admitted, under oath, that he committed all of the elements of sex trafficking through force, fraud, or coercion. His delay of more than a year between entry of his guilty plea and his motion to withdraw is quite long and has little justification. The district court found that Luke's withdrawal would substantially inconvenience the court, prejudice the government, and waste judicial resources. Luke has also failed to show any clear error in the district court's analysis of these factors. Finally, the district court undertook a proper rearraignment to ensure that Luke pleaded guilty knowingly and voluntarily. Because Luke has failed to show clear error, this court need not reach the three additional prongs for plain error review. AFFIRMED.